**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4529**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SERGIO OMAR BETANZOS-FLORES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-238)

Submitted: February 16, 2006     Decided: February 21, 2006

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sergio Omar Betanzos-Flores appeals his thirty month prison sentence resulting from his guilty plea for reentry of a deported alien after conviction of three or more misdemeanors involving crimes against persons in violation of 8 U.S.C. §§ 1326(a) and (b)(1) (2000). Betanzos-Flores' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Betanzos-Flores has been notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this Court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47.

Betanzos-Flores claims that the district court erred in imposing his sentence. The district court correctly applied the advisory guidelines to find a sentencing range of twenty-one to

twenty-seven months' imprisonment.  The district court went above that range and selected a thirty month sentence due to Betanzos-Flores' immediate reentry under a false identity after being deported.  Betanzos-Flores' sentence was well below the statutory maximum of ten years.  See 8 U.S.C. § 1326(b)(1).  The sentence imposed by the district court was reasonable as it appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant 18 U.S.C. § 3553(a) factors.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Betanzos-Flores' sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED